# UNITED STATES DISTRICT COURT
## Eastern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| GRISEL AZCUY | ) | Case Number: 10-CR-209 |
| | ) | USM Number: 27571-018 |
| | ) | Miguel A. Gonzalez, Esq. |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 and 2 of information

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| see page 2. | | | |

The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/25/2013
Date of Imposition of Judgment

**S/ Dora L. Irizarry**

Signature of Judge

Dora L. Irizarry                    U.S. District
Name of Judge                      Title of Judge

12/10/13
Date

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to traffic in counterfeit goods and distribute misbranded drugs, a Class D felony | 6/30/2009 | 1 |
| 21 U.S.C. §§ 846, 841(a)(1), 841(b)(2) and 841(b)(1)(C) | Conspiracy to distribute and possess with intent to distribute Oxycodone, Hydrocodone, Phendimetrazine, Alprazolam, Clonazepam, Diazepam, Diethypropian, Lorazepam, Phentermine, and Zolpidem, a Class C felony | 6/30/2009 | 2 |

DEFENDANT: GRISEL AZCUY
CASE NUMBER: 10-CR-209

# PROBATION

The defendant is hereby sentenced to probation for a term of:

Count 1: Five (5) years;
Count 2: Five (5) years to run concurrently to the term imposed on count 1.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within forty eight hours after such change;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer anycontrolled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of afelony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the cou and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminalrecord or person; history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL PROBATION TERMS

1. Supervision by the Probation Department for the Middle District of Florida is approved but this Court will retain jurisdiction;

2. The Probation Department must submit a status report to the Court every four (4) months during supervision.

AO 245B (Rev. 6/11/2011- NYED) Judgment in a Criminal Case
Sheet 4A — Probation

Judgment—Page 4 of 7

DEFENDANT: GRISEL AZCUY
CASE NUMBER: 10-CR-209

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall comply with the forfeiture order;

2. The defendant shall make full financial disclosure to the U.S. Probation Department;

3. The defendant shall maintain full-time verifiable employment and/or shall participate in an education or vocational training program as approved by the U.S. Probation Department;

4. The defendant shall not possess a firearm, ammunition, or a destructive device;

5. If deported, the defendant shall not re-enter the United States illegally;

6. The defendant shall submit her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of her supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

AO 245B    (Rev. 6/11/2011- NYED) Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

DEFENDANT: GRISEL AZCUY
CASE NUMBER: 10-CR-209

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 100.00       | $ 0.00   | $ 0.00          |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|------------------|-------------------------|----------------------------|
|                   |                  |                         |                            |
| TOTALS            | $ 0.00           | $ 0.00                  |                            |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the ☐ fine ☐ restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: GRISEL AZCUY
CASE NUMBER: 10-CR-209

Judgment — Page 7 of 7

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑ Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
    See attached order.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

SLR:KAN:LDM
F.#2010R00214

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

GRISEL AZCUY,

        Defendant.

- - - - - - - - - - - - - -X

ORDER OF FORFEITURE

Cr. No. 10-209

(Trager, J.)

      WHEREAS, on April 29, 2010, the defendant, GRISEL AZCUY, entered a plea of guilty to Counts One and Two of the above-captioned information, charging violations of 18 U.S.C. § 371 and 21 U.S.C. § 846; and

      WHEREAS, the Defendant has consented to the entry of a forfeiture money judgment in the amount of Five Hundred Thousand Dollars and No Cents ($500,000.00) in United States currency (the "Forfeiture Money Judgment") pursuant to: 18 U.S.C. § 2323(b) as property used, or intended to be used, in any manner or part to commit or facilitate the commission of violations of 18 U.S.C. § 2320, or property constituting or derived from any proceeds obtained directly or indirectly as a result of violations of 18 U.S.C. § 2320; 21 U.S.C. § 334, which provides for the forfeiture of any article of food, drug, or cosmetic that is adulterated or misbranded when introduced into or while in interstate commerce; and 21 U.S.C. § 853, as property constituting, or derived from,

proceeds obtained, directly or indirectly, and property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of 21 U.S.C. § 846;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the Defendant as follows:

1. The Defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. § 2323(b), 21 U.S.C. § 334, and 21 U.S.C. § 853.

2. All payments made towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to "United States Marshals Service" with the criminal docket number noted on the face of the check. The Defendant shall cause said checks to be sent by overnight mail to Evan Williams, Trial Attorney, Computer Crime & Intellectual Property Section, United States Department of Justice, 1301 New York Avenue, N.W., Suite 600, Washington, D.C. 20530, with the criminal docket number noted on the face of the checks. If the Forfeiture Money Judgment is not paid in full on or before the date of sentencing, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. The United States shall be entitled to execute any unpaid portion of the Forfeiture Money Judgment pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedure Act, or any other applicable law.

3.  If forfeiture is not received as provided above, the Defendant shall forfeit any other property up to the value of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p). The Defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment. The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

4.  The defendant represents that she has disclosed to the United States all of her assets on the financial statement entitled "United States Department of Justice Financial Statement" (hereinafter, the "Financial Statement"), sworn to [DATE]. The defendant consents to the forfeiture to the United States of all assets in which she has an interest, but fails to disclose on the Financial Statement, if any. Should undisclosed assets which the defendant owns or in which the defendant has an interest be discovered, the defendant knowingly and voluntarily waives her right to any required notice concerning the forfeiture of said assets, and shall execute any documents necessary to effectuate the forfeiture of said assets.

5.  The Defendant knowingly and voluntarily waives her right to any required notice concerning the forfeiture of the money forfeited hereunder, including notice set forth in an

4

indictment or information. In addition, the Defendant knowingly and voluntarily waives her right, if any, to a jury trial on the forfeiture of said money, and waives all constitutional, legal and equitable defenses to the forfeiture of said money, including, but not limited to, any defenses based on principles of double jeopardy, the <u>Ex Post Facto</u> clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines. The forfeiture of the money and/or property forfeited hereunder is not to be considered a payment of a fine or restitution or a payment on any income taxes that may be due. The forfeiture of the money and/or property forfeited hereunder is not an admission of the amount of loss for purposes of the calculation of the Sentencing Guidelines or for purposes of the calculation of the amount of restitution.

6. Upon entry of this Order, the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c) and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

7. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Preliminary Order.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. This Preliminary Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

9. This Preliminary Order shall be binding upon the Defendant and the successors, administrators, heirs, assigns and transferees of the Defendant, and shall survive the bankruptcy of any of them.

10. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order.

11. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Preliminary Order to FSA Paralegal Carly F. Diroll-Black, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
         May 3, 2010

/s/
_____
HONORABLE DAVID G. TRAGER
UNITED STATES DISTRICT JUDGE